(105 So. 704)

### BATTLES v. STATE.　(7 Div. 101.)

(Court of Appeals of Alabama. May 26, 1925. Rehearing Denied June 30, 1925.)

1. **Criminal law** 🔑1130(4) — **Appellate court will examine record for apparent errors though no brief filed.**

Though no brief has been filed, appellate court will examine record for apparent errors, as law requires.

2. **Criminal law** 🔑1169(8)—**Defendant held not entitled to complain of want of opportunity to present defense.**

Where court allowed testimony to take a wider scope favorable to defendant than ordinary rules of evidence would permit, defendant cannot complain that he was not accorded opportunity to present his defense.

3. **Intoxicating liquors** 🔑238(1)—**Case held to jury.**

In a prosecution for violation of liquor laws, where evidence was conflicting, case was properly submitted to jury.

Appeal from Circuit Court, St. Clair County; Woodson J. Martin, Judge.

Ross Battles was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Battles, 213 Ala. 533, 105 So. 704.

Jas. A. Embry, of Ashville, for appellant.

Harwell G. Davis, Atty. Gen., for the State.

Briefs of counsel did not reach the Reporter.

BRICKEN, P. J. The first count of the indictment under which defendant was convicted charged that he did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors, a part of which was alcohol.

[1] No brief has been filed for appellant; we, however, have examined the record for errors apparent thereon, as the law requires. There are no errors upon the record.

[2] Pending the trial several exceptions were reserved to the rulings of the court upon the admission of testimony. These have also had our attention, but each of the rulings is so clearly free from hurtful error no discussion in this connection will be indulged.

It is apparent that the trial court allowed the testimony to take a much wider scope (favorable to the defendant) than the ordinary rules of evidence permit. Certainly the defendant cannot complain that he was not accorded unusual opportunity to present his defense to the jury.

[3] The evidence was in conflict. A jury question was therefore presented, and the court properly submitted the case to the jury for its decision.

There was no error in refusing the special written charges requested.

Let the judgment appealed from stand affirmed.

Affirmed.